UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GREGORY WILLIS, ET AL                           CIVIL ACTION NO. 09-cv-2103

VERSUS                                          JUDGE STAGG

CLECO CORPORATION                               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

This employment discrimination action was filed by 13 Plaintiffs who allege various claims of race, age, and/or gender discrimination, as well as claims for retaliation and hostile work environment. Before the court is Defendant's **Motion to Sever. Doc. 78.** For the following reasons, the motion is granted.

Rule 20(a)(1) provides:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Both of Rule 20(a)'s requirements must be satisfied in order to sustain joinder of parties. Wright, Miller & Kane, Federal Practice & Procedure, § 1653 (1986); Porter v. Milliken, 2000 WL 1059849 (E. D. La. 2000). District courts are afforded broad discretion to sever claims or causes of action under circumstances of misjoinder or where the inclusion of the claim or cause of action would result in undue delay or prejudice. Id; Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 (5th Cir. 1995).

In evaluating joinder in employment discrimination cases, courts consider a number of factors, including:

> the time period during which the alleged acts occurred, whether acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged.

Berry v. Illinois Department of Human Services, 2001 WL 111035 (N.D. Ill. 2001).

A careful review of Plaintiffs' 55-page First Amended Complaint (Doc. 5) satisfies the court that Plaintiffs' claims are not properly joined in this action. Even though all of the Plaintiffs allege discrimination on the basis of race, retaliation, or hostile work environment, and some include allegations of age or gender discrimination, the specific circumstances of each Plaintiff's complained of employment actions are significantly different. Plaintiffs were employed at different facilities located in different geographic locations. They were employed in different departments, in different positions, with varying degrees of responsibility, and under the supervision of different supervisors. Some of the Plaintiffs' allegations span 25 or more years. Such a vast time frame magnifies the individual nature of the claims. Compare Weber v. Lockheed Martin, 2001 WL 274518 (E.D. La. 2001)(severance granted where the firings took place several months apart as a result of completely different activities) and Wright v. Sears Roebuck, 2010 WL 330216 (W.D. La. 2010)(joinder permitted where plaintiffs were both targets of the same supervisor during the same period of time).

Plaintiffs argue that a small core of key actors inside Defendant's corporate headquarters are responsible for discriminatory acts that impacted all of the Plaintiffs. Plaintiffs argue that these and other key witnesses will be required to testify for several of the Plaintiffs, which would make separate trials costly for Plaintiffs. Nevertheless, the court is satisfied that the undue prejudice to Defendant of a single trial far outweighs the burden on Plaintiffs of calling a few witnesses in more than one trial. Given the significant factual differences among the Plaintiffs' claims, the jury should not be forced to engage in the hopeless task of trying to keep separate the evidence regarding each Plaintiff's claims.

Accordingly, Defendant's **Motion to Sever (Doc. 78)** is **granted**. The Clerk is directed to open a separate civil action for each remaining Plaintiff, and each new civil action shall be assigned to Judge Stagg. Pleadings that were filed prior to this severance need not be refiled in any individual case. However, all future filings must be made in the appropriate individual civil action.

## Joint Status Report

No later than **October 14, 2011**, the parties are ordered to file a Joint Status Report in each of the individual Plaintiff's cases outlining: (1) the remaining claims of that Plaintiff; and (2) the depositions and other discovery that must be completed before that case will be ready for trial. Upon receipt of the Joint Status Reports, a status conference will be held to discuss further scheduling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of September, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE